UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:18cr55 DRL |
| CORY THOMAS, | |
| Defendant. | |

OPINION AND ORDER

Cory Thomas filed a *pro se* petition for a writ of error *coram nobis*. He asks the court to vacate his 2018 conviction for using a communication facility to commit a drug felony. He says his conviction is invalid under controlling law and his counsel was ineffective. The court denies the petition today.

BACKGROUND

Mr. Thomas sold cocaine to a confidential informant four times in late 2017 and early 2018. On each occasion, he and the informant exchanged calls to coordinate the transactions. In addition to these four deals, Mr. Thomas arranged a fifth sale to occur on January 23, 2018, but it was never consummated.

On May 15, 2018, Mr. Thomas pleaded guilty with a plea agreement to a one-count information that charged him with violating 21 U.S.C. § 843(b)—namely, using a communication facility to facilitate a drug felony, stemming from the controlled purchase on December 7, 2017.[1] As part of his plea agreement, Mr. Thomas waived his right to appeal or to contest his conviction

---

[1] The information followed a separate criminal complaint, which charged Mr. Thomas with four counts of distributing cocaine, 21 U.S.C. § 841(a)(1), corresponding to the four deals with the confidential informant.

and sentence, including any appeal or in "any post-conviction proceeding, including but not limited to, a proceeding under [28 U.S.C. § 2255]," save for a claim of ineffective assistance of counsel [2 ¶ 9(e)]. The court, via another presider, sentenced Mr. Thomas to time served and one year of supervised release, with the first three months to be served on home confinement. His term of supervised release ended on August 20, 2019.

In September 2022, in a separate proceeding before yet another presider, Mr. Thomas pleaded guilty to possessing with the intent to distribute cocaine [3:22-cr-53 (N.D. Ind.) DE 21]. At sentencing, the court determined without objection that Mr. Thomas qualified as a career offender, in part based on the 2018 conviction under 21 U.S.C. § 843(b) challenged here [*see* 3:22-cr-53 (N.D. Ind.) DE 62 Tr. 5-6; 3:22-CR-53 (N.D. Ind.) DE 40 ¶ 60-61, 64]. On March 2, 2023, the court sentenced him to a term of 151 months' imprisonment. His projected release date is April 5, 2032.

On October 18, 2024, Mr. Thomas filed this motion for writ of error *coram nobis*. The government responded, and Mr. Thomas replied. The motion is now ripe for review.

## STANDARD

A writ of error *coram nobis* is a common law means to attack collaterally a criminal conviction based on alleged errors of law or fact that affect the fundamental character of the conviction, including inadequate counsel. *United States v. Delhorno*, 915 F.3d 449, 452 (7th Cir. 2019). It must be used sparingly, "[b]ecause frequent use of such a writ would discard the benefits of finality." *United States v. Keane*, 852 F.2d 199, 202 (7th Cir. 1988). A petition requesting such a writ is like a *habeas corpus* petition. It seeks the same type of relief, *United States v. Bonansinga*, 855 F.2d 476, 478 (7th Cir. 1988), but is only available when a defendant is no longer in custody for

the conviction being challenged such that he can no longer benefit from *habeas corpus* relief, *Stanbridge v. Scott*, 791 F.3d 715, 720 n.3 (7th Cir. 2015).

The "extraordinary writ" is reserved for cases when "(1) the error alleged is of the most fundamental character as to render the criminal conviction invalid; (2) there are sound reasons for the defendant's failure to seek earlier relief; and (3) the defendant continues to suffer from his conviction even though he is out of custody." *United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016) (internal citation and quotations omitted). A "fundamental error that invalidates a criminal proceeding is one that undermines [] confidence that the defendant is actually guilty," and "only errors of this magnitude justify the cost of putting aside the interest in finality." *Id.*

## DISCUSSION

Mr. Thomas argues his conviction under 21 U.S.C. § 843(b) is invalid. He says it served as a predicate offense to his career offender classification in his later criminal case such that he continues to suffer its effects in prison now. The government rightly concedes that he still suffers from this conviction's effects, *Wilkozek*, 822 F.3d 364 at 368; *see, e.g., United States v. Craig*, 907 F.2d 653, 658 (7th Cir. 1990) (finding present harm when conviction enhanced a sentence still being served), but argues that Mr. Thomas has not otherwise justified *coram nobis* relief.

A.  *Mr. Thomas's Plea Agreement Bars Much of this Collateral Challenge.*

The portion of Mr. Thomas's petition challenging the validity of his conviction is barred by his plea agreement. A defendant may waive his right to challenge his sentence on collateral review in a plea agreement, assuming such waiver is knowing and voluntary. *See Dowell v. United States*, 694 F.3d 898, 901-02 (7th Cir. 2012); Fed. R. Crim. P. 11(b)(1)(N). A petition for a writ of *coram nobis* is one such collateral attack that can be waived. *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) ("petition for a writ of *coram nobis* provides a way to collaterally attack a criminal

3

conviction"); *Wilkozek*, 822 F.3d at 367 (in the context of a *coram nobis* petition, "the right to collaterally attack a judgment can be waived").

Mr. Thomas's plea agreement contains a provision that "expressly waive[s] [his] right to appeal or to contest [his] conviction and all components of [his] sentence," "to any court," "including any appeal…or any post-conviction proceeding, including but not limited to, a proceeding under [28 U.S.C. § 2255]," apart from a claim of ineffective assistance of counsel [2 ¶ 9(e)]. During his change of plea hearing, Mr. Thomas confirmed he understood this waiver [27 Tr. 9, 13-14]. Mr. Thomas doesn't argue his plea agreement was in some way involuntary, or that he didn't know what the agreement contained. *See Dowell*, 694 F.3d at 901-02. And while Mr. Thomas's plea agreement didn't specifically mention *coram nobis* relief, it covers "any-post conviction proceeding" [2 ¶ 9(e)], thus barring his claim here. *United States v. Johnson*, 22 F. Appx. 640, 640 (7th Cir. 2001) (remanding a petition for a writ of *coram nobis* for dismissal because the defendant's plea agreement barring a challenge "in any collateral attack, including but not limited to a motion brought under [28 U.S.C. § 2255]" covered the petition); *see also Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013) (*coram nobis* "is a postconviction remedy, equivalent to habeas corpus"). Accordingly, Mr. Thomas waived any challenge to the validity of his conviction—including this one—in his plea agreement.

B. *Mr. Thomas's Arguments Fail on Their Merits.*

Even on the merits, Mr. Thomas isn't entitled to relief, because he doesn't demonstrate a "fundamental error" that "undermines our confidence that [he] is actually guilty." *Wilkozek*, 822 F.3d at 368. In his petition, Mr. Thomas contends his conviction under § 843(b) is invalid because he was convicted for an aborted transaction that was set to occur on January 23, 2018 in which he acted as a mediator or broker between a buyer and seller. In support, he cites *Abuelhawa v.*

4

*United States*, 556 U.S. 816 (2009) to say his conduct on January 23, 2018 wasn't criminalized because a buyer cannot be held liable under § 843(b) for facilitating a supplier's drug distribution. This argument fails.

First, Mr. Thomas wasn't convicted for the aborted transaction on January 23, 2018, but for the completed one on December 7, 2017. This is reflected in the information charging him with the crime, his plea agreement, and the court's judgment. Mr. Thomas confirmed he understood the charge against him at his change of plea hearing, that "on December 7th of [2024], you used a phone call to facilitate a narcotics transaction with a person that you did not know was working for law enforcement" [27 Tr. 16]. And Mr. Thomas raises no arguments in his petition relating to the December 7, 2017 transaction for which he was convicted—only the uncharged, aborted transaction on January 23, 2018.

Second, *Abuelhawa* doesn't apply to the conduct for which he was convicted. In *Abuelhawa*, 556 U.S. at 818, 824, the court held a defendant who uses a cellphone for a misdemeanor drug purchase doesn't "facilitate" a dealer's felony drug distribution and can't be liable under 21 U.S.C § 843(b). On December 7, 2017, Mr. Thomas was a seller—not a buyer. After being driven to a house by the informant, he went inside the residence, retrieved a white powdery substance that later tested positive for cocaine, and gave it to the informant in exchange for $2,000. And before this sale, Mr. Thomas and the confidential informant made several phone calls between them to facilitate this transaction. *See United States v. Campbell*, 534 F.3d 599, 605 (7th Cir. 2008) ("defendant violates 21 U.S.C. § 843(b) if he 'knowingly and intentionally use[s] a communications facility, *e.g.*, a telephone, to facilitate the commission of a narcotics offense'") (internal citation omitted). Accordingly, Mr. Thomas's conviction under § 843(b) is valid and doesn't implicate *Abuelhawa*.

As to his claim of ineffective assistance of counsel, Mr. Thomas asserts his counsel was deficient for failing to inform him his conduct didn't violate § 843(b) and for failing to challenge his charge under *Abuelhawa*. He would need to show both deficient performance and prejudice under the *Strickland* standard. An attorney is "[o]bviously" not deficient for "failing to lodge a meritless objection." *Northern v. Boatwright*, 594 F.3d 555, 561 (7th Cir. 2010). Mr. Thomas's counsel wasn't deficient for not pursuing an unwarranted argument, nor has he suffered any prejudice upon analysis of it. Mr. Thomas fails to show he is entitled to relief.

## CONCLUSION

For these reasons, the court DENIES Mr. Thomas's petition for a writ of error *coram nobis* under 28 U.S.C. § 1651 [20].

SO ORDERED.

June 2, 2025                                             *s/ Damon R. Leichty*
                                                         Judge, United States District Court